IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                  No. CV 16-0370 JB/LAM
                                        CR 11-2660 JB

DAVID EMANUEL HENRY,

        Defendant/Movant.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** is before the Court *sua sponte*. Having reviewed Defendant/Movant's (hereinafter "Defendant") Amended § 2255 motion to correct his sentence [*Doc. 9*][1] filed June 24, 2016, the Government's response [*Doc. 11*], filed August 4, 2016, Defendant's reply [*Doc. 12*], filed August 5, 2016, and the memorandum filed by the United States Probation Office ("USPO") [*Doc. 14*], filed August 31, 2016, the Court will order the parties and the USPO to file supplemental briefing.

On September 20, 2011, Defendant was arrested for Aggravated Assault with a Deadly Weapon and Possession of a Firearm by a Felon. *See* [*Doc. 14-1* at 4].[2] On October 13, 2011, Defendant was indicted on the charge of Possession of a Firearm by a Felon, in violation of

---

[1] Hereinafter, all documents from Case No. CIV-16-0370 cited in this decision will be designated as "*Doc.*" followed by their docket number.

[2] Defendant states that the State of New Mexico did not charge him with aggravated assault. *See* [*Doc. 9* at 2].

1

18 U.S.C. §§ 922(g)(1) and 924(a)(2).  [*Cr.Doc. 13*].[3]  On June 14, 2012, the USPO issued a Presentence Report ("PSR"), which set Defendant's base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) based on Defendant's prior felony conviction of Aggravated Battery Against a Household Member (Great Bodily Harm).  *See* [*Doc. 14-1* at 2 and 6].  The USPO increased this offense level to 24 pursuant to U.S.S.G. § 2K2.1(b)(6) because Defendant used or possessed a firearm in connection with the Aggravated Assault with a Deadly Weapon offense.  *Id.* at 6.  The USPO further found that Defendant was subject to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), based on Defendant's prior convictions for: (1) Robbery Second Degree (Felony) in the United States District Court in St. Thomas, Virgin Islands; (2) Trafficking (By Possession with Intent to Distribute); and (3) Aggravated Battery Against a Household Member (Great Bodily Harm).  *Id.* at 7.  Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the USPO increased Defendant's offense level to 34 because Defendant used or possessed a firearm in connection with a "crime of violence" as defined in § 4B1.2(a) or (b).  *Id.*  After adjusting for Defendant's demonstration of acceptance of responsibility, the USPO found that his total offense level was 31.  *Id.*  In addition, the USPO found that Defendant's initial criminal history category is III; however, because Defendant used or possessed a firearm or ammunition in connection with a "crime of violence," pursuant to U.S.S.G. § 4B1.4(c)(2), Defendant's criminal history category is increased to VI.  *Id.* at 14.  The USPO, therefore, stated that Defendant was subject to a sentence of 15 years to life pursuant to 18 U.S.C. § 924(e), and that, based on the total offense level of 31 and a criminal history category of VI, the Sentencing Guideline range is 188 to 235 months.  *Id.* at 27.

On April 26, 2012, Defendant entered into a plea agreement in which he pled guilty to the charge in the indictment.  [*Cr.Doc. 34*].  On July 25, 2012, the Court accepted the plea

---

[3] Hereinafter, all cited documents that were filed in Defendant's criminal case, Case No. CR-11-2660, will be designated as "*Cr.Doc.*" followed by their docket number.

2

...

agreement, adopted the factual findings and sentencing guideline applications in the PSR, and sentenced Defendant to 188 months of imprisonment, and to a term of supervised release for three (3) years.  See [*Cr.Doc. 49* at 6-8] and [*Cr.Doc. 39* at 2-3].

In his § 2255 motion, Defendant contends that his sentence is unconstitutional pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [*Doc. 9* at 1].  Specifically, Defendant contends that his Second Degree Robbery conviction, as defined by Virgin Islands law, can no longer be used as a prior conviction under the ACCA because it does not qualify under the residual clause, which was found to be unconstitutionally vague in *Johnson*, it is not an enumerated offense, and it does not qualify under the force clause.  *Id.* at 6-10.

In the alternative, if the Court finds that Defendant is still an armed career criminal under the ACCA, then Defendant contends that he is still entitled to relief with regard to his advisory sentence under the armed career criminal Guideline, U.S.S.G. § 4B1.4.  *Id.* at 10.  Defendant contends that both his criminal history category and his total offense level were increased under the Sentencing Guidelines based on the Court's finding that Defendant possessed the firearm in connection with the offense of Aggravated Assault, but that Aggravated Assault no longer qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2) based on the holdings in *Johnson* and *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015).  *Id.* at 11.  Defendant further contends that the offense of Aggravated Assault does not qualify under the enumerated offenses clause of U.S.S.G. § 4B1.2 (*id.* at 11-13), and also does not qualify under the force clause of that statute (*id.* at 13-14).  Defendant, therefore, asks the Court to vacate his sentence and resentence him.  *Id.* at 14.

In response, the Government concedes that Defendant's Virgin Islands conviction for second-degree Robbery under 14 V.I.C. § 1863 does not require the requisite use of force under the holding of *Johnson v. United States*, 559 U.S. 133, 140 (2010).  [*Doc. 11* at 1].  Therefore, the Government states that, "when the robbery conviction is removed as a predicate offense under the [ACCA], Defendant[] no longer has three qualifying convictions to support the mandatory minimum sentence he received under 18 U.S.C. § 924(e), and he is entitled to a new sentencing." *Id.* at 2.  The Government does not address Defendant's argument that his advisory Sentencing Guidelines range is also incorrect.

In his reply, based on the Government's concession, Defendant asks the Court to grant his § 2255 motion, vacate his sentence, and schedule a new sentencing hearing as soon as possible. [*Doc. 12* at 1].  Defendant contends that, "[w]ithout the [ACCA] mandatory minimum and without the application of the armed career criminal Guideline, according to the PSR, [Defendant] would have an adjusted offense level of 21 and a criminal history of III," which would "yield an advisory Guidelines range of 46-67 months."  *Id.* at 1-2.  Defendant contends that he has already served 58 months without considering the benefit of good-time credit.  *Id.* at 2.  Therefore, Defendant asks the Court to "resentence him as soon as possible based on the existing PSR, absent the portions based on the ACCA and corresponding Guideline."  *Id.*

More than three weeks after Defendant filed his reply to his § 2255 motion, the USPO filed a Memorandum regarding ACCA retroactivity in Defendant's case.  [*Doc. 14*].  In this memorandum, the USPO states that Defendant's predicate convictions for Aggravated Battery and Second Degree Robbery still meet the definition of violent felony under the ACCA without the use of the residual clause because they meet the definition under the force clause.  *Id.*  Combined with Defendant's predicate conviction for Trafficking, the USPO states that Defendant is an armed

career criminal under the ACCA and is not eligible for any reduction in his sentence.  *Id.*  The USPO does not address Defendant's contentions regarding his advisory Sentencing Guidelines range.

In reviewing the parties' briefing and the USPO's memorandum, the Court finds that it requires additional information in order to prepare proposed findings and a recommended disposition in this case.  First, the Court will order the Government to file a supplemental brief stating whether or not the USPO's memorandum affects its position regarding Defendant's status as an armed career criminal under the ACCA.  Specifically, the Court will order the Government to answer whether or not it still maintains that Defendant's Virgin Islands Second Degree Robbery conviction is not a valid predicate conviction under the ACCA, and to explain why or why not.  In addition, the Court will order the USPO to address the Government's supplemental brief and state whether it still maintains its position that Defendant's Virgin Islands Second Degree Robbery conviction *is* a valid predicate conviction under the ACCA, and to explain why or why not.  The Court will allow Defendant to respond to the Government's and USPO's supplemental briefs.

Second, the Court finds that Defendant's contentions with regard to his advisory Sentencing Guidelines range are inconsistent.  In Defendant's § 2255 motion, he states that "[i]f the Court agrees that [Defendant] is not an armed career criminal, then he is entitled to relief under § 2255, and there is no need for the Court to rule on the arguments he presents" with regard to whether Aggravated Assault is a crime of violence under the career offender Guideline."  [*Doc. 9* at 10].   However, in Defendant's reply brief, he contends that he should be resentenced without the ACCA mandatory minimum *and without the application for the armed career criminal Guideline*.  [*Doc. 12* at 1-2].  Therefore, in addition to addressing the issue of Defendant's status as an armed career criminal under ACCA, it appears that Defendant is asking the Court to address

the issue of whether or not Defendant's criminal history category and his total offense level were improperly increased under the Sentencing Guidelines. This analysis turns on whether or not Aggravated Assault qualifies as a "crime of violence" under § 4B1.2(a), and neither the Government nor the USPO have addressed this issue in this case. Therefore, the Court will order the Government and the USPO to submit supplemental briefing on this issue as well, and will allow Defendant to respond to the Government's and the USPO's supplemental briefs.

**IT IS THEREFORE ORDERED** that **no later than November 18, 2016**, the Government shall file a supplemental brief discussing:

(1) Whether or not it maintains that Defendant's Virgin Islands Second Degree Robbery conviction is *not* a valid predicate conviction under the ACCA, and why or why not; and

(2) Whether or not Defendant's criminal history category and his total offense level were properly increased under the Sentencing Guidelines based on the Court's finding that Defendant possessed the firearm in connection with the offense of Aggravated Assault, including whether or not Aggravated Assault qualifies as a "crime of violence" under § 4B1.2.

**IT IS FURTHER ORDERED** that **by November 28, 2016**, the USPO shall file a supplemental brief discussing:

(1) Whether or not it maintains that Defendant's Virgin Islands Second Degree Robbery conviction *is* a valid predicate conviction under the ACCA, and why or why not; and

(2) Whether or not Defendant's criminal history category and his total offense level were properly increased under the Sentencing Guidelines based on the Court's finding that Defendant possessed the firearm in connection with the offense of Aggravated Assault, including whether or not Aggravated Assault qualifies as a "crime of violence" under § 4B1.2.

**IT IS FURTHER ORDERED** that **by December 5, 2016**, Defendant may file a response to the Government's and USPO's supplemental briefs, **but may not raise new claims that were not raised in his § 2255 motion [*Doc. 9*].**

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**