# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.
                             No. CIV 16-0370 JB/KRS
                             No. CR 11-2660 JB

DAVID EMANUEL HENRY,

      Defendant/Movant.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED RECOMMENDED DISPOSITION AND OVERRULING THE DEFENDANT'S OBJECTIONS

**THIS MATTER** comes before the Court on the Defendant's Amended Motion of David Henry to Vacate Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV Doc. 9; CR Doc. 55)("Amended Motion to Vacate"); the Honorable Lourdes Martinez, United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 11, 2017 (CIV Doc. 24; CR Doc. 70)("PFRD"), in which Magistrate Judge Martinez recommends denying the Amended Motion of David Henry to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and dismissing the matter with prejudice; and Defendant's David Henry's Objections to Proposed Findings and Recommended Disposition of United States Magistrate Judge, filed April 25, 2017 (CIV Doc. 25; CR Doc. 71)("Objections").

The Court has conducted a de novo review of those portions of Judge Martinez's PFRD to which Henry objects, and concludes that his Objections lack a sound basis in the applicable law and the relevant facts. The primary issue is whether Henry's past conviction for second-degree robbery in the United States Virgin Islands, see 14 V.I.C. § 1863, qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and was, as a

result, properly used as one of three predicates to impose an enhanced sentence. The Court concludes that Henry's conviction for second-degree robbery in the Virgin Islands is a violent felony under the ACCA, and the Court can consider Henry's robbery conviction as an ACCA predicate felony. Accordingly, the Court will overrule Henry's Objections, adopt Judge Martinez's PFRD, deny Henry's motion pursuant to 28 U.S.C. § 2255, and dismiss the matter with prejudice.

## PROCEDURAL BACKGROUND

On October 13, 2011, a federal grand jury indicted charging Henry with being a felon in possession of a firearm, contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Indictment at 1, filed October 13, 2011 (Doc. 13). The Indictment listed three prior felonies as the basis for the offense, including Henry's convictions in New Mexico's Second Judicial District for false imprisonment, aggravated battery against a household member, and trafficking of a controlled substance. See Indictment at 1. On April 26, 2011, Henry pled guilty to the charge and executed a plea agreement. See Plea Agreement, filed April 26, 2012 (Doc. 34).

As part of the Plea Agreement, Henry admitted that, in September of 2011, he "unlawfully and knowingly possess[ed]. . . a Kel-Tec, model P3AT, .380 caliber pistol." Plea Agreement ¶ 7(a), at 3. He also acknowledged the firearm was fully functional, that he had committed the predicate offenses that the Indictment referenced, and that "as a convicted felon . . . [he] was not allowed to possess firearms." Plea Agreement ¶ 7(a)-(c), at 3-4. In return, the Plaintiff United States of America stipulated that Henry was entitled to a reduction under the United States Sentencing Guidelines for his acceptance of responsibility, see Plea Agreement ¶ 9(a), at 4-5, and "that a sentence at the low end of the guideline range is appropriate in this case," Plea Agreement at 34, ¶ 9(d). The Honorable Alan Torgerson, United States Magistrate

Judge, accepted the plea, and the matter was set for sentencing. See Plea Minute Sheet, filed April 26, 2012 (Doc. 35); Notice of Sentencing Hearing, dated April 27, 2012 (Doc. 36).

The United States Probation Office prepared a Presentence Report in advance of sentencing. See Presentence Report, filed August 31, 2016 (CIV Doc. 14-1; CR Doc. 51-1) ("PSR"). The PSR identified one ACCA serious drug offense and two ACCA violent felonies that USPO concluded triggered an enhancement under the ACCA: Henry's convictions for (i) drug trafficking as listed in the Indictment; (ii) aggravated battery against a household member as listed the indictment; and (iii) second-degree robbery from the Virgin Islands. See PSR ¶ 24, at 7. On July 25, 2012, the Court adopted the PSR and sentenced Henry to 188 months' incarceration, three years supervised release, and participation in a mental health and substance abuse program. See Sentencing Minute Sheet, filed July 25, 2012 (CR Doc. 38); Judgment in Criminal Case, filed July 25, 2012 (CR Doc. 39). Henry did not file an appeal.

On September 5, 2012, Henry mounted his first challenge under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 5, 2012 (CR Doc. 42)("Motion to Vacate"). Among other things, Henry alleges his attorney did not secure a 3-level reduction under the Guidelines as the United States agreed, and that he should have received a sentence at the low end of the Guidelines. See Motion to Vacate at 5-7. Henry contends that he did not raise these grounds in a direct appeal, because he was under the influence of medication at that time. See Motion to Vacate at 5-10. The Court denied relief on October 29, 2012. See Memorandum Opinion and Order at 1, filed October 29, 2012 (CR Doc. 44)("Motion to Vacate MOO"). The Court determined that Henry's sentence included the 3-level reduction; 188 months was at the low-end of the sentencing range; the PSR discussed his criminal background extensively; and he fully understood the plea

agreement that he entered.  See Motion to Vacate MOO at 2-3.  The Court also declined to issue

a certificate of appealability.  See Motion to Vacate MOO at 3.

Following the Supreme Court of the United States' invalidation of the ACCA's "residual

clause" in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015)("Johnson II"), Henry again

moves for relief under Section 2255.  David Henry Letter (dated April 20, 2016), filed April 25,

2016 (CIV Doc. 1; CR Doc. 46).  The Court referred the matter to Judge Martinez.  See Order of

Reference Relating to Prisoner Cases at 1, filed June 6, 2016 (CIV Doc. 9, CR. Doc. 54).  The

Court also appointed counsel, who filed the Amended Motion to Vacate to address the

deficiencies that the Court ordered Henry to correct, see Order to Cure Deficiency at 1-2, filed

May 5, 2016 (CIV Doc. 2; CR Doc. 47), including obtaining approval from the United States

Court of Appeals for the Tenth Circuit to file a successive § 2255 motion, See Order at 1-2, filed

May 27, 2016 (CIV Doc. 7; CR Doc. 48).  As is relevant here,[1] Henry argues that his conviction

for second-degree robbery in the Virgin Islands no longer qualifies as one of the three violent

felonies necessary for an ACCA enhancement, because it is premised on the "residual clause"

that the Supreme Court held unconstitutional.  See Amended Motion to Vacate at 6-10.

In response, the United States agrees that the Court should resentence Henry, because his

"conviction for second-degree robbery does not require the use of violent force" and, as a result,

does not satisfy the ACCA's "force clause," the only other applicable ACCA provision that

would permit enhancement after Johnson II.   United States' Response to Motion to Vacate

---

[1]Henry also argues that he was sentenced improperly under the United States Sentencing
Guidelines.  Beckles v. United States, 137 S. Ct. 886 (2017) forecloses the argument, and Henry
concedes the point in his Objections.  At the time he filed the amended motion, Beckles v.
United States was pending before the Supreme Court.  When Judge Martinez issued her PFRD,
the Supreme Court had decided Beckles v. United States.  Judge Martinez applied Beckles v.
United States in her PFRD and disposed of Henry's arguments under the guidelines.

Sentence Under 28 U.S.C. § 2255 at 1-2, filed August 4, 2016 (CIV Doc. 11; CR Doc. 58). Henry's reply urges the Court to immediately resentence him; absent the three qualifying ACCA predicates, he has already served more than the Guidelines range's low end. <u>See</u> David Henry's Reply to United States' Response to Mr. Henry's Motion to Vacate Sentence Under 28 U.S.C. § 2255 at 1-2, filed August 5, 2016 (CIV Doc. 12; CR Doc. 59). After briefing was complete, however, the USPO submitted a memorandum to the Court explaining that it had reviewed Henry's second-degree robbery conviction and, notwithstanding <u>Johnson II</u>, concluded that the offense remained a violent felony under the force clause. PSR Memorandum at 1, filed August 31, 2016 (CIV Doc. 14; CR Doc. 56-1).

As a result of the competing views, Magistrate Judge Martinez ordered supplemental briefing on: (i) "whether . . . [the United States] still maintains that Defendant's Virgin Islands Second Degree Robbery conviction is not a valid predicate conviction under the ACCA"; and (ii) "[w]hether . . . [the USPO] still maintains its position that Defendant's Virgin Islands Second Degree Robbery conviction *is* a valid predicate conviction under the ACCA." Order for Supplemental Briefing at 5-6, filed November 10, 2016 (CIV Doc. 15; CR Doc. 61).[2] In its brief, the United States changes its position: "With sincere apologies for changing course midway," the United States asserted that it "now believes . . . Henry has failed to meet his burden to establish that his conviction for second-degree robbery in the Virgin Islands is not a 'violent felony' under the Armed Career Criminal Act." Supplemental Briefing of the United States at 1-2, filed November 25, 2016 (CIV Doc. 18; CR Doc. 64)("Sup. Briefing"). In response, Henry

---

[2]Judge Martinez also asked for briefing on whether Henry's "criminal history category and his total offense level were improperly increased under the Sentencing Guidelines." Because of <u>Beckles v. United States</u> and the parties' concessions, however, this issue is no longer before the Court.

reiterates his position that "[t]he amount or degree of force requisite to robbery [in the Virgin Islands] is such force as is actually sufficient to overcome the victim's resistance"; and the "degree of violence is immaterial as an element of the crime" and may include "any force, no matter how slight." David Henry's Response to United States' Notice of Supplemental Authority at 3, filed January 20, 2017 (CIV Doc. 21; CR Doc. 67)("Supp. Response")(citations omitted). Henry concluded that, because his robbery conviction falls short of the "violent force" the Supreme Court requires, <u>see</u> <u>Johnson v. United States</u>, 559 U.S. 133, 134 (2010) ("<u>Johnson I</u>"), "[h]e is not subject to [the ACCA's] 15-year mandatory minimum sentence," Supp. Response at 8.

On January 19, 2017, the United States alerted the Court to <u>United States v. Harris</u>, 844 F.3d 1260 (10th Cir. 2017). <u>See</u> Notice of Supplemental Authority at 1, filed January 19, 2017 (CIV Doc. 22; CR Doc. 68). Under that case, the United States argues, robbery statutes that track the common law satisfy <u>Johnson I</u>'s violent-force requirement. <u>See</u> Notice of Supplemental Authority at 1-2. The United States further asserts that, because second-degree robbery in the Virgin Islands is a crime of violence, <u>United States v. Harris</u> compels the conclusion that Henry's conviction is a violent felony under the ACCA. <u>See</u> Notice of Supplemental Authority at 2. Henry disagrees with the Government in a subsequent response. <u>See</u> David Henry's Response to United States' Notice of Supplemental Authority at 1, filed January 20, 2017 (CIV Doc. 23; CR Doc. 69)("Supp. Response II"). He argues that a Colorado Supreme Court decision holding that robbery under that state's jurisprudence amounted to a "violent taking" underpinned <u>United States v. Harris</u>. Supp. Response II at 1-2. Henry submits that, because there is no such analog in the Virgin Islands, <u>United States v. Harris</u> does not alter this case's analysis. <u>See</u> Supp. Response II at 1-2.

Magistrate Judge Martinez issued her PFRD on April 11, 2017, agreeing with the United States that <u>United States v. Harris</u> controlled and required denying Henry's Amended Motion to Vacate. <u>See</u> PFRD at 10-11. Magistrate Judge Martinez reasoned that the Virgin Islands has not departed from the common-law offense of robbery and that second-degree robbery requires the forcible taking of property much like the Colorado statute, which was held to require violence.[3] <u>See</u> PFRD at 10-11. Henry timely objected to Judge Martinez's PFRD. <u>See</u> Objections at 1.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255(a), a "prisoner in custody" pursuant to a federal conviction may "move the court . . . to vacate, set aside or correct the sentence" if it "was imposed in violation of the Constitution or laws of the United States." The petitioner bears the burden of establishing entitlement to § 2255 relief. <u>See</u> <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1457 (10th Cir. 1995) (quotation and citations omitted), <u>overruled on other grounds by</u> <u>Daniels v. United States</u>, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001)(en banc). Pursuant to an order of reference, Magistrate Judge Martinez concluded in her PFRD that Henry did not meet his burden and recommended that the Court deny Henry's request for resentencing. <u>See</u> PFRD at 2. Under 28 U.S.C. § 636(b)(1)(C) and with the substantive standard of review in mind, the Court must now make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court . . . ." <u>United States v. One Parcel of Real Prop.</u>, 73 F.3d 1057, 1060 (10th Cir. 1996). Likewise, "theories raised for the first time in objections . . . are deemed waived." <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1030-31 (10th Cir. 2001)(citation omitted).

---

[3]Judge Martinez also rejected Henry's sentencing guidelines challenge. <u>See</u> PFRD at 12 (citing <u>Beckles v. United States</u>, 137 S. Ct at 897).

<u>**ANALYSIS**</u>

The ACCA addresses the "special danger" that career offenders carrying guns pose, <u>Begay v. United States</u>, 553 U.S. 137, 146 (2008), by imposing a minimum fifteen-year sentence for felons in possession of firearms with three previous convictions for violent felonies or serious drug offenses, <u>see</u> 18 U.S.C. § 924(e)(2)(B). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against [another] person," "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Court enhanced Henry's sentence under the ACCA, because he was convicted of drug trafficking in New Mexico, <u>see</u> N.M. Stat. Ann. § 30-31-20, aggravated battery against a household member in New Mexico, <u>see</u> N.M. Stat. Ann. § 30-3-16(c), and second-degree robbery in the Virgin Islands, <u>see</u> 14 V.I.C. § 1863. <u>See</u> PSR ¶ 24 at 7; Hearing Transcript at 7:2-8 (Court) (taken July 25, 2012), filed May 20, 2016 (Doc. 49)("Tr.").

Four years after Henry's sentencing, the Supreme Court held that the ACCA's "residual clause" -- which states that a felony "otherwise involving conduct that presents a serious risk of physical injury" is a violent felony -- was unconstitutionally vague, but, as relevant here, left the "force clause" intact for offenses having "as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Johnson II</u>, 135 S. Ct. at 2256. <u>Johnson II</u>'s holding is retroactive, <u>see</u> <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016), and served as the catalyst behind Henry's § 2255 motion. In his motion, Henry attacks the classification of his Virgin Islands second-degree robbery conviction as an ACCA violent felony, because, according to Henry, that classification is based on the ACCA's residual clause. Magistrate Judge Martinez disagreed in her PFRD and concluded the robbery offense independently satisfies the ACCA's

force clause. Henry objects to this conclusion, arguing, in sum, that Judge Martinez misapplied the law.

I.     **BECAUSE THE VIRGIN ISLANDS' SECOND-DEGREE ROBBERY STATUTE IS DIVISIBLE, THE COURT APPLIES THE MODIFIED CATEGORICAL APPROACH TO DETERMINE WHETHER VIOLENT FORCE IS AMONG THE OFFENSE'S ELEMENTS.**

To determine whether Henry's second-degree robbery conviction qualifies as an ACCA violent felony -- and whether Judge Martinez's conclusion was correct -- the Court starts with the "categorical approach." United States v. Pam, 867 F.3d 1191, 1203 (10th Cir. 2017). In the context of the ACCA's force clause, the Court examines the predicate offense's elements, and determines whether the criminal statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." United States v. Harris, 844 F.3d at 1264 (citing 18 U.S.C. § 924(e)(2)(B)(i); Descamps v. United States, 133 S. Ct. 2276, 2283 (2013)). Although the ACCA does not define "physical force," the Supreme Court has construed the term to mean "violent force -- that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140. Under the categorical approach, the Court's task is to determine whether the prior conviction matches Johnson I's standard of "physical force" by "[f]ocusing on the elements of the crime of conviction, not the underlying facts." United States v. Harris, 844 F.3d at 1263.

Although the Court begins categorically, it must modify the approach "in a narrow range of cases where the statute of conviction is divisible" -- meaning that the statute's subparts describe alternative crimes as opposed to different ways of committing the same offense. United States v. Pam, 867 F.3d at 1203 (citing Descamps v. United States, 133 S. Ct. at 2281). If divisible, this "modified categorical approach" allows the Court to "consult record documents from the defendant's prior case for the limited purpose of identifying which of the statute's

alternative [crimes] formed the basis of the prior conviction." United States v. Titties, 852 F.3d 1257, 1266 (10th Cir. 2017). Once identified, the Court "compares those elements [of the alternative crime] to the ACCA definition of violent felony" as it would under the categorical approach. United States v. Titties, 852 F.3d at 1266 (quoting Descamps v. United States, 133 S. Ct. at 2281).

In the Virgin Islands,

[a] person is guilty of robbery in the second degree when he forcibly steals property and when: (1) [h]e is aided by another person actually present; or (2) [i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime causes physical injury to any person who is not a participant in the crime.

14 V.I.C. § 1863(1)-(2).

In line with Tenth Circuit guidance, the Court's "first task" is to determine whether § 1863's two subsections are divisible. United States v. Titties, 852 F.3d at 1269 (explaining that "[t]he Supreme Court requires us to begin the analysis . . . at the means/elements inquiry)(citing Mathis v. United States, 136 S. Ct. 2243, 2256 (2016)). If § 1863 is divisible, the Court examines only whether the subsection under which Henry was convicted has "violent force" as an element to the exclusion of other language in statute. If indivisible, the Court looks to § 1863 as whole to make the determination.[4]

---

[4] Henry's objections do not discuss divisibility other than to mention in a footnote that "[t]he modified categorical approach does not apply in this case, because as the parties and the Magistrate Judge now agree, the Virgin Islands . . . statute is indivisible." Objections at 10. In his motion, however, Henry concedes that second-degree robbery in the Virgin Islands is divisible, "because [the statute] sets out alternative versions of the crime." Amended Motion to Vacate at 7. The Court is unable to discern where the PFRD mentions the modified categorical approach or agrees with Henry that it does not apply. It is also unclear whether the United States concedes the point, although its supplemental brief indicates in a footnote that "forcible stealing," which is common to both § 1863 subsections, is the focus of the inquiry, because the "physical injury" element of subsection (2) can be accomplished without the requisite scienter.

Sup. Briefing at 3 n.1. Magistrate Judge Martinez appears to have taken the analytic approach that, if the common element of both subsections is itself violent, whether they may in fact be severed for later categorical comparison is immaterial. Because of Henry's inconsistent positions on the modified categorical approach's applicability, and because of the Supreme Court and Tenth Circuit's directive to begin the analysis by first determining divisibility, the Court conducts the divisibility inquiry here. Because the statute is divisible, and Henry was convicted of subsection (2) of the statute, the "physical injury" requirement of subsection (2) of the robbery statute is, verbatim, what Johnson I requires.

The Court will, however, also decide whether "forcible stealing" alone would satisfy Johnson I's physical force requirement. The Court determines that, in the Virgin Islands, "forcible stealing" alone would not satisfy Johnson I's physical force requirement. To qualify as "violent physical force," the degree of force employed must be "capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140. See United States v. Harris, 844 F.3d 1260, 1266 (10th Cir. 2017)(concluding that "physical force means violent force, or force capable of causing physical pain or injury to another person" under Johnson I). The Virgin Islands' criminal code states that second degree robbery involves "forcibly steal[ing] property . . . ." 14 V.I.C. § 1863. The criminal code provides little additional guidance, defining all robbery as the "unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear." 14 V.I.C. § 1861. The Virgin Islands includes robbery among the offenses deemed to be a "[c]rime of violence" under its firearms regulation, but this designation cannot mean much, given that larceny is also included in the crimes of violence list. 23 V.I.C. § 451(g). See 14 V.I.C. § 1081(a) ("Larceny is the unlawful taking, stealing, carrying, leading, or driving away the personal property of another."); Gov't of Virgin Islands v. Harrigan, 791 F.2d 34, 37 (3d Cir. 1986)(interpreting Virgin Islands law and stating that "larceny does not necessarily involve violence").

When considering whether New Mexico's robbery statute requires violent force, the Court looked to, as its starting point, the state's highest court. See United States v. Garcia, No. CR 07-0788, 2017 WL 2271421, at *23 (D.N.M. Jan. 31, 2017)(Browning, J.), aff'd, No. 17-2019, 2017 WL 6419307 (10th Cir. Dec. 18, 2017)(relying on the Supreme Court of New Mexico's robbery/violent force analysis over holdings from the Court of Appeals of New Mexico). Neither the Supreme Court of the Virgin Islands nor the territory's lower courts offer much guidance: its robbery cases involve defendants acting unquestionably violently, and its larceny cases do not involve defendants using nonviolent force. Looking generally to other jurisdictions, no clear trend emerges. Compare, e.g., United States v. Garcia, No. 17-2019, 2017 WL 6419307, at *10 (10th Cir. Dec. 18, 2017)(concluding that New Mexico's robbery statute is a violent felony); United States v. Harris, 844 F.3d 1260, 1270 (10th Cir. 2017)(concluding that, in Colorado, robbery is a violent felony for ACCA purposes); United States v. Doctor, 842 F.3d 306, 311-12 (4th Cir. 2016)(concluding that, in South Carolina, robbery is a violent felony for ACCA purposes), with United States v. Bell, 840 F.3d 963, 966-967 (8th Cir. 2016)(determining that Missouri's second-degree robbery statute does not require violence force); United States v. Yates, 866 F.3d 723, 728 (6th Cir. 2017)("A review of Ohio state-court decisions confirms our view that a defendant need not engage in violent force in order to be convicted of robbery . . . .").

With no case law to guide it, the Court considers the Virgin Islands' lively legal history. The story begins in 1916, when the United States agreed to purchase the Virgin Islands from

Denmark for $25 million.  See Jesse Reiblich & Thomas Ankersen, Got Guts? The Iconic Streams of the U.S. Virgin Islands and the Law's Ephemeral Edge, 32 J. Envtl. L. & Litig. 71, 85 (2016).  As a United States territory, the Virgin Islands soon transitioned from Danish colonial law to the 1921 Municipal Code, which was based on Alaska's territorial code, see Jesse Reiblich & Thomas Ankersen, Got Guts? The Iconic Streams of the U.S. Virgin Islands and the Law's Ephemeral Edge, 32 J. Envtl. L. & Litig. 71, 85 (2016), and expressly incorporated British common law for matters that the code did not address, see Katy Womble, Courtney Cox Hatcher, Trouble in Paradise? Examining the Jurisdictional and Precedential Relationships Affecting the Virgin Islands Judiciary, 46 Stetson L. Rev. 441, 447 (2017).  The United States Court of Appeals for the Third Circuit assumed appellate jurisdiction in 1917.  See Jesse Reiblich & Thomas Ankersen, Got Guts? The Iconic Streams of the U.S. Virgin Islands and the Law's Ephemeral Edge, 32 J. Envtl. L. & Litig. 71, 85 (2016).  The 1936 Organic Act of the Virgin Islands overhauled the territory's legal system, consolidating its courts and adopting the United States Bill of Rights.  See Katy Womble, Courtney Cox Hatcher, Trouble in Paradise? Examining the Jurisdictional and Precedential Relationships Affecting the Virgin Islands Judiciary, 46 Stetson L. Rev. 441, 448-49 (2017).  The Honorable Albert B. Maris, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, was the primary force behind the Organic Act of 1954, which modernized the unwieldy 1936 Act.  See Dolores K. Sloviter, Memorial Tribute to the Honorable Albert Branson Maris, 62 Temp. L. Rev. 471, 473 (1989).  A few years later, the Virgin Islands formally adopted the Restatements as its common law:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

1 V.I.C. § 4.  This development "effectively allocated judicial power to the American Law Institute."  Katy Womble, Courtney Cox Hatcher, Trouble in Paradise? Examining the Jurisdictional and Precedential Relationships Affecting the Virgin Islands Judiciary, 46 Stetson L. Rev. 441, 447 (2017).  When the Restatements did not provide an answer, the Virgin Islands courts looked to the United States common law.  See In re Tutu Water Wells Contamination Litig., 78 F. Supp. 2d 456, 465 (D.V.I. 1999).  In 2004, the Virgin Islands established its Supreme Court of the Virgin Islands, which assumed appellate jurisdiction over Virgin Islands courts from the Third Circuit three years later.  See Defoe v. Phillip, 702 F.3d 735, 738 (3d Cir. 2012); History of the Court, Supreme Court of the United States Virgin Islands, available at http://www.visupremecourt.org/Know_Your_Court/History_of_the_Court/index.asp.  Since then, the Supreme Court of the Virgin Islands has eschewed mechanical Restatement applications and embraced creating its own common law:

> [W]e conclude that 1 V.I.C. § 4 does not incorporate all of the Restatement provisions as if they were actual statutory text; nor does it delegate to the American Law Institute the authority to enact changes in the law of the Virgin

Islands in all of the areas covered by the Restatements. *See Dunn v. HOVIC,* 1 F.3d 1371, 1392 (3d Cir. 1993)(Alito, J., concurring). Rather, we hold that, because our own decisions constitute "local law" within the meaning of section 4 -- and, unless found to be manifestly erroneous by the Third Circuit, are binding on all other courts applying Virgin Islands local law -- we therefore possess the discretion to decline to follow the most recent Restatement provision.

Banks v. Int'l Rental & Leasing Corp., No. CIV. 2011-0037, 2011 WL 6299025, at *6 (V.I. Dec. 15, 2011).

One Third Circuit case interprets whether Virgin Islands' robbery statute requires specific intent, and the Third Circuit concluded that, because the Virgin Islands' robbery statute "was derived with minor changes in phraseology from the 1921 Municipal Codes," which shared similar language to the common law -- in particular, Blackstone's robbery definition -- the Virgin Islands must intend to use traditional common-law elements for robbery, at least as far as whether specific intent is required. Virgin Islands v. Carmona, 422 F.2d 95, 98 (3d Cir. 1970). Still, this line of inquiry does not provide a tidy answer. On the one hand, the common law tells us that the degree of force involved to effect a robbery is immaterial:

> In the context of robbery, "force" is that of which the victim is aware and, by reason of that force, is compelled to part with his or her property. The force or fear required to establish robbery is not synonymous with a physical corporeal assault. . . . However, the degree of force used is immaterial so long as it is enough to compel the victim to part with his or her property. Any force, violence, or threat, no matter how slight, is sufficient to sustain a robbery conviction if it . . . induces the victim to part with or deliver up the property [or] prevents or overcomes resistance to the property's taking or retention . . . .

67 Am. Jur. 2d Robbery § 26. Blackstone, meanwhile, defines robbery as involving either violence or placing the victim in fear. See 4 William Blackstone, Commentaries at 492. One might defer to Blackstone, given the similarities between Blackstone's robbery definition and the Virgin Islands' definition, but, of course, the Virgin Islands' definition departs from Blackstone in one key way: it replaces "violence" with "force." Compare 4 William Blackstone, Commentaries, at 492 (defining robbery as "the felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear" (emphasis added)) with 14 V.I.C. § 1861 (defining robbery as "the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear" (emphasis added)). Even if the Virgin Islands, in its nascent years untethered from Danish legal traditions, looked to Blackstone for its robbery definition, perhaps it substituted "force" for "violence" for a reason.

Looking to other jurisdictions, it appears that precisely two other states -- New York and Missouri -- define robbery as "forcibly stealing." N.Y. Penal Law § 160.10 (stating that an element of second degree robbery is that a person "forcibly steals property"); Mo. Ann. Stat. § 570.025 ("A person commits the offense of robbery in the second degree if he or she forcibly steals property and in the course thereof causes physical injury to another person."); Mo. Ann. Stat. § 569.030(1) (1977)("A person commits the crime of robbery in the second degree when he

A disjunctively phrased statute, like the one here, is divisible only if it lists alternative elements and not means. See United States v. Titties, 852 F.3d at 1267. "A crime is not divisible simply because it may be accomplished through alternative means, but only when alternative elements create distinct crimes." United States v. Titties, 852 F.3d at 1267 (citation omitted). As the Supreme Court has explained "[e]lements are the constituent parts of a crime's legal definition -- the things the prosecution must prove to sustain a conviction." Mathis v. United States, 136 S. Ct. at 2248 (quotation marks omitted). "[T]hey are what the defendant necessarily admits when he pleads guilty." Mathis v. United States, 136 S. Ct. at 2248. In contradistinction, means are "various factual ways of committing some component of the offense." Mathis v. United States, 136 S. Ct. at 2249. Whether "the listed items are alternative

---

forcibly steals property."). Relevant here, New York's second-degree robbery statute does not require that the robber actually injure anyone. See N.Y. Penal Law § 160.10 (stating that a person can commit second-degree robbery by forcibly stealing property and act with an accomplice or display a weapon). Similarly, before revisions in 2014, Missouri's second-degree robbery statute did not expressly require that the robber injure anyone. See Mo. Ann. Stat. § 569.030(1) (1977). New York and Missouri state courts found defendants guilty of second-degree battery even when the force used was not obviously violent. See, e.g., State v. Harris, 622 S.W.2d 742, 745 (Mo. Ct. App. 1981); State v. Childs, 257 S.W.3d 655, 660 (Mo. Ct. App. 2008); People v. Bennett, 631 N.Y.S.2d 834 (1st Dep't 1995); People v. Lee, 602 N.Y.S.2d 138, 139 (1st Dep't 1993); People v. Safon, 560 N.Y.S.2d 552 (4th Dep't 1990). Accordingly, federal courts have determined that neither New York's nor Missouri's pre-2014 second-degree robbery statutes require violent force, and, therefore, convictions under those statutes do not qualify as "violent" for ACCA sentencing purposes. United States v. Brown, 257 F. Supp. 3d 330, 332-33 (E.D.N.Y. 2017)(Weinstein, J.)("The force necessary to 'forcibly steal' in New York does not rise to the level of force that must be used for a crime to be a 'violent felony' under the ACCA."); Small v. United States, 204 F. Supp. 3d 1069, 1074-75 (W.D. Mo. 2016)(Smith, J.) ("Missouri courts have held the degree of force necessary to support a conviction for second-degree robbery is less force than is necessary to qualify as 'violent force' as the Supreme Court requires for an ACCA enhanced sentence.").

Given the similarities between the Virgin Islands' second-degree robbery statute and the statutes of two states in which federal courts have determined that second-degree robbery does not require violent force for ACCA purposes, the Court determines that the Supreme Court of the Virgin Islands would, given the chance, not require a showing of violent force to convict someone for second-degree robbery.

[factual] means of satisfying an element" and not "constituent parts of a crime's legal definition" turns on state -- or territorial -- law. United States v. Titties, 852 F.3d at 1267 (citing Mathis v. United States, 136 S. Ct. at 2248).

Sometimes "the statute on its face will provide the answer," like where the subsections "carry different punishments" and therefore "must be elements." United States v. Titties, 852 F.3d at 1267-68 (quoting Mathis v. United States, 136 S. Ct. at 2256). Other times, the statute will provide illustrative examples of ways a crime may be committed -- the quintessential definition of "means." United States v. Titties, 852 F.3d at 1268 (citing Mathis v. United States, 136 S. Ct. at 2256). Some statutes explicitly "identify which things must be charged (and so are elements) and which need not be (and so are means)." United States v. Titties, 852 F.3d at 1268 (quoting Mathis v. United States, 136 S. Ct. at 2256). Case law may also answer the question. "'When [a territory ruling] exists, a sentencing judge need only follow what it says.'" United States v. Titties, 852 F.3d at 1268 (quoting Mathis v. United States, 136 S. Ct. at 2256). If neither statute nor precedent provides a clear answer, the Court may "peek" at records of the conviction at issue, United States v. Titties, 852 F.3d at 1268 n.10, including the indictments and jury instructions, but only to see whether they "include[] the statute's alternative terms," which, Justice Kagan tells us, "is as clear an indication as any that each alternative is only a possible means of commission, not an element," Mathis v. United States, 136 S. Ct. at 2257.

The Virgin Islands second-degree robbery statute does not provide a clear answer to whether its subsections are elements or means. For one, the statute does not assign different punishments for each subsection. See 14 V.I.C. § 1863 ("Whoever is convicted under this section shall be imprisoned not more than 15 years . . . ."). For another, nothing about the statute's language suggests that the two subsections are illustrative examples of a single

element.[5]  Finally, the statute does not "identify which things must be charged . . . and which need not be."  Mathis v. United States, 136 S. Ct. at 2256.

Case law is not determinative, as the Court could not find any Virgin Islands cases where a court plainly states that the subsections are elements or means.  A few Virgin Island cases, however, refer to second-degree robbery violations by their specific subsection, which might suggest that the distinction matters when it comes to indictment and conviction.  See People v. James, No. ST-16-CR-280, 2017 WL 3378410, at *3 (V.I. Super. Mar. 2, 2017)(stating that an arrest warrant alleged second-degree robbery "in violation of 14 V.I.C. § 1863(1)"); Brooks v. Gov't The Virgin Islands, No. 2002-194, 2010 WL 2990177, at *1 (D.V.I. July 28, 2010)("Count three charged second degree robbery, in violation of V.I. Code Ann. tit. 14, §§ 1863(1) and 11(a)").

When neither the statute nor the case law provides a clear answer, the Supreme Court of the United States advises federal courts to "peek" at particular records, such as an indictment or jury instruction, in an effort to determine whether a statute features elements or means.  See Mathis v. United States, 136 S. Ct. at 2256.  In discussing a burglary statute, the Supreme Court of the United States expounds on this procedure:

> Suppose, for example, that one count of an indictment and correlative jury instructions charge a defendant with burgling a "building, structure, or vehicle" . . . .  That is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt.  So too if those documents use a single umbrella term like "premises": Once again, the record would then reveal what the prosecutor has to (and does not have to) demonstrate to prevail.  See Descamps[ v. United States], 133 S.Ct., at 2290.  Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of

---

[5]For example, the Virgin Islands' burglary statute expressly provides illustrative examples of key terms.  See, e.g., 14 V.I.C. § 441("'Building' includes a vessel, house, trailer, booth, tent, shop, inclosed garden or other erection or inclosure . . . .").

all others, that the statute contains a list of elements, each one of which goes toward a separate crime.

Mathis v. United States, 136 S. Ct. at 2257.

Peeking at the records for Henry's conviction, the indictment indicates that § 1863's two subsections define distinct crimes. Count I charges that Henry "did forcibly steal personal property from Andrew Robert Wank . . . and, in the course of the commission of the crime and immediate flight therefrom, caused physical injuries to Robert Wank, in violation of . . . Section 1863(2)." Information at 1 (dated January 29, 1990), filed December 19, 2017 (Doc. 34-1). The United States Attorney does not mention § 1863(1), nor does it allege a violation of § 1863 generally, nor does it use an umbrella term for both subsections.[6] Rather, the indictment identifies one alternative provision of the statute to the exclusion of the other. See Mathis v. United States, 136 S. Ct. at 2257 ("[A]n indictment . . . could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime.").[7]

---

[6]Moreover, the Court has a difficult time imagining an umbrella term that could reasonably encompass § 1863's subsections. In Mathis v. United States, the SCOTUS imagined that a burglary indictment might use an umbrella term like "premises" for a building, structure, or vehicle, which would indicate that "premises" is the element and a building, structure, or vehicle are means. See Mathis v. United States, 136 S. Ct. at 2257. There is no comparable umbrella term for § 1863's subsections.

[7]The State of New York employs language nearly identical to Virgin Islands second-degree robbery statute:

A person is guilty of robbery in the second degree when he forcibly steals property and when (1) [h]e is aided by another person actually present; or (2) [i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (a) causes physical injury to any person who is not a participant in the crime; or (b) [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or firearm; or (3) the property consists of a motor vehicle . . . .

**III. BECAUSE THE VIRGIN ISLANDS' SECOND-DEGREE ROBBERY STATUTE REQUIRES VIOLENT FORCE, HENRY'S PRIOR CONVICTION FOR SECOND-DEGREE ROBBERY IN THE VIRGIN ISLANDS QUALIFIES AS A VIOLENT FELONY FOR ACCA PURPOSES.**

Because Henry was convicted under § 1863(2) of the Virgin Islands divisible, second-degree robbery statute, the Court must determine whether that offense contains as "an element  the use, attempted use, or threatened use of physical force against [another] person" consistent with Johnson I.  United States v. Titties, 852 F.3d at 1266 (instructing courts to revert to the categorical approach after dividing the statute and identifying the alternative crime of conviction).  Under § 1863(2), the prosecution must prove that the defendant forcibly stole personal property from the victim, and, in the course of stealing or in immediate flight therefrom, the defendant or another participant in the crime "causes physical injury to any person who is not a participant in the crime."  14 V.I.C. § 1863(2) (emphasis added).  Tellingly, "physical injury" is the same term Johnson I used to define the force necessary to satisfy the ACCA's elements clause.  559 U.S. at 140 (explaining that "physical force means violent force -- that is, force capable of causing physical pain or injury to another person").

Henry does not offer any authority that would allow the Court to disregard the statute's

---

New York Penal Law § 160.10.  Federal courts examining that statute have roundly concluded that it is divisible and subject to the modified categorical approach.  See United States v. Brown, 2017 U.S. Dist. LEXIS 84112, *5 (E.D.N.Y May 26, 2017)(Weinstein, J.)("Because elements of this offense are listed in the alternative, the statute is divisible and the modified categorical approach must be used."); Austin v. United States, 2017 U.S. Dist. LEXIS 184630, *18 (S.D.N.Y Nov. 6, 2017)(Netburn, M.J.)("Because the Penal Law lists multiple, alternative elements, and so effectively creates several different . . . crimes, § 160.10 is a divisible statute and the modified categorical approach is used")(citations and internal quotation marks omitted)).  The conclusions are not based on case law interpreting the respective provisions, but rather appear to be based on the statutory text.

physical-injury requirement.[8]   Instead, Henry imagines a scenario in his motion where a

defendant uses minimal force to deprive the victim of property and the defendant's getaway

driver then crashes into another person's vehicle causing injury to an occupant.  If what Henry's

exercise shows is that a defendant can be convicted of second-degree robbery in the Virgin

Islands without intending to cause physical harm, "the categorical inquiry focuses on whether the

force contemplated by the predicate statute is volitional or instead involuntary -- it makes no

difference whether the person applying the force has the specific intention of causing harm or

instead merely acted recklessly."  United States v. Hammons, 862 F.3d 1052, 1055 (10th Cir.

2017)(citation omitted).  Similarly, if what Henry means by his example is that a defendant can

_____

[8]Henry's Objections, and Magistrate Judge Martinez' report, assume that second-degree robbery under § 1863 of the Virgin Islands Code is indivisible, and therefore do not apply the modified categorical approach.  As discussed above, the presumption that the statute's two subsections constitute a single crime as opposed to independent alternatives is belied by the statute's plain language and the criminal information for Henry's conviction.  As a result, Henry's Objections are fundamentally flawed. To be fair, the Court agrees with Henry that it must ascertain the minimum force necessary to support a conviction for second-degree robbery under Virgin Islands law to determine whether that level of force matches the ACCA's "violence" element.  See United States v. Pam, 867 F.3d at 1203 (citing Moncrieffe v. Holder, 569 U.S. 184 (2013)).  Assuming that Henry and the Court are correct that the Virgin Islands' "forcibl[y] stealing" requirement for second-degree robbery stops short of Johnson I's required "violence," see supra n.4, the distinction is without a difference, because § 1863(2) still elevates the crime to a violent felony by requiring "physical injury" to result, see Johnson I, 559 U.S. at 134 (requiring "force capable of causing physical pain or injury"); 14 V.I.C. § 1863(2).  Henry has not provided authority, much less argued, that the Virgin Island's legislature did not mean what it said by "physical injury."  United States v. Pam, 867 F.3d at 1209 (stating that courts may only consider "situations in which there is a realistic probability, not a theoretical possibility that the state statute would apply")(citation and internal alterations omitted)).  For Henry to prevail, the two subsections comprising second-degree robbery in the Virgin Islands would have to form a single, indivisible crime.  The Court would have to take § 1863(1) as the minimum culpable conduct required for conviction and conclude that § 1863(1)'s requirement that the defendant "be aided by another person actually present" does not elevate the offense beyond mere "forcible stealing."  Even assuming the Virgin Islands would interpret "forcible stealing" as requiring minimal force, Henry does not persuade the Court that it must accept his premise that second degree robbery is indivisible and disregard the physical injury requirement of § 1863(2). The Court therefore overrules Henry's Objections.

be convicted of second-degree robbery where someone else uses the force that causes injury, the distinction is also without a difference to the ACCA.  See United States v. Hammons, 862 F.3d at 1055 ("[T]he [force] clause does not require the offender himself to have employed the requisite physical force; instead it requires only that the predicate statute contain 'as an element the use . . . of physical force.'" (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

Section 1863(2) requires the offender to forcibly steal personal property, an element of the offense of second-degree robbery in the Virgin Islands to which Henry pled guilty.  That forcible stealing must lead to the physical injury of another person. To this element Henry also pled guilty.  "If violent force is force capable of causing physical pain or injury, it must be that any force that did in fact cause injury was capable of causing injury."  United States v. Lassend, 2017 U.S. Dist. LEXIS 106879, *33-34 (D. Mass. July 7, 2017)(Saylor IV, J.).  Even if the statute permits someone other than Henry to cause the physical injury and Henry need not intend harm to be convicted, "physical injury" remains an element of second-degree robbery under § 1863(2).  Henry's contrary argument "would require [the Court] to take *Johnson*'s clear definition of physical force as 'force capable of causing physical pain or injury' and graft onto it an 'indirect force' exception."  United States v. Reid, 861 F.3d 523, 529 (4th Cir. 2017).  The Court declines to create that exception.  Henry's conviction under § 1863(2) is a violent felony and a valid predicate for ACCA enhancement he received.

In conclusion, Henry has three convictions for violent felonies and was properly sentenced under the ACCA notwithstanding the Supreme Court's invalidation of the residual clause.  Second-degree robbery under § 1863(2) of the Virgin Islands Code for forcible stealing that results in physical injury matches the ACCA's force clause.  Because Henry does not challenge his other predicate offenses, he does not demonstrate entitlement to relief.

**IT IS ORDERED** that: (i) Defendant/Petitioner David Henry's Objections to Proposed Findings and Recommended Disposition of United States Magistrate Judge, filed April 25, 2017 (CIV Doc. 25; CR Doc. 71), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 11, 2017 (CIV Doc. 24; CR Doc. 70), is adopted; (iii) Henry's Amended Motion of David Henry to Vacate Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV Doc. 9; CR Doc. 55), is denied; and (iv) Case No. CIV 16-0370 JB/KRS is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Zachary A. Ives
Garcia Ives Nowara
Albuquerque, New Mexico

    *Attorneys for the Petitioner/Defendant*

James Tierney
  Acting United States Attorney
Paige Messec
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent/Plaintiff*